IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **KEVIN M. KEAY**, | Case No. 3:23-cv-1092-YY |
| Plaintiff, | **ORDER** |
| v. | |
| **BABARA ANN KEAY**, | |
| Defendant. | |

**Michael H. Simon, District Judge.**

      United States Magistrate Judge Youlee Yim You issued Findings and Recommendation in this case on July 28, 2023. Judge You recommended that this Court dismiss Plaintiff Kevin M. Keay's complaint without leave to amend. Plaintiff then filed an amended complaint on August 7, 2023. ECF 8. Plaintiff also timely filed an objection to the Findings and Recommendation on August 17, 2023. ECF 9.

      Under the Federal Magistrates Act (Act), the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's findings and recommendations, "the court

PAGE 1 – ORDER

shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

If no party objects, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although review is not required in the absence of objections, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the court review the magistrate judge's findings and recommendations for "clear error on the face of the record."

The Court accepts Plaintiff's amended complaint as an attempt to cure the deficiencies identified by Judge You in her Findings and Recommendation, despite her recommendation to dismiss this case without leave to amend. The Court applies Judge You's reasoning and analysis to Plaintiff's amended complaint, which continues to fail to state a claim and confirms Judge You's finding that further amendment would be futile. Plaintiff asserts conclusory allegations that his mother paid various housing entities to engage in hate crimes against him and to evict him, paid various individuals to drug him and sexually assault him in order to "infect" him with acquired immunodeficiency syndrome (AIDS), and paid other individuals to "murder" him. Plaintiff's objections to the Findings and Recommendation are based on similar conclusory assertions. Nothing in the objection or the amended complaint shows that the fantastical racketeering claim that Plaintiff alleges against his mother has any realistic prospect of

PAGE 2 – ORDER

proceeding. Thus a finding of frivolousness is appropriate for both the original and the amended complaint. *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989). The Court agrees with Judge You's finding that the action, even under the amended complaint, fails to state a claim on which relief may be granted and warrants dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court accepts Plaintiff's filing of his amended complaint, ECF 8. The Court ADOPTS Judge You's Findings and Recommendation, ECF 6, as applied to the amended complaint. Because Plaintiff's amended complaint fails to state a claim for relief, the Court DISMISSES the amended complaint. The Court finds that further amendment would be futile and dismisses without leave to amend. The Court also finds that any appeal from this Order would be frivolous and thus would not be taken in "good faith" as that term is used in 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, Plaintiff's *in forma pauperis* status should be revoked.

**IT IS SO ORDERED.**

DATED this 31st day of August, 2023.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge